# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# WESTERN DIVISION

|  |  |
|---|---|
| In re: ) ) | |
| ) | Chapter 7 |
| WAYNE ERIC PUFFER, ) | |
| ) | Case No. 08-30290-HJB |
| Debtor ) | |

## ORDER DENYING STAY PENDING APPEAL

Before the Court is a "Motion for Stay Pending Appeal" (the "Stay Motion") of this Court's September 27, 2012 Order (the "Order") on the "Application for Approval of Debtor's Counsel's Fees and Expenses" (the "Fee Application") filed by the Appellant, L. Jed Berliner ("Attorney Berliner"). By the said Order, issued upon remand from the United States District Court for the District of Massachusetts, this Court employed the standards elucidated by the First Circuit Court of Appeals in Berliner v. Pappalardo (In re Puffer), 674 F.3d 78 (1st Cir. 2012) and again allowed the Fee Application only in the amount of $299.00; ordered Attorney Berliner to remit the sum of $201.00 to the Chapter 13 trustee; and ordered the Chapter 13 trustee to remit any amounts held by her, to the Debtor.[1] Subsequent to the issuance of the Order, Attorney Berliner advised that he had previously remitted the sum of $201.00 directly to the Debtor and the Court deems that portion of its

---

[1] Such remittance would be net of the commissions to which the Chapter 13 trustee is entitled.

1

Order to be satisfied. The instant motion, therefore, seeks a stay of that portion of the Order which requires remittance by the Chapter 13 trustee of funds held by her to the Debtor - funds to which Attorney Berliner feels entitled.

The considerations to be employed by this Court in evaluating a motion for a stay pending appeal are well-settled:

> [T]he factors regulating the issuance of a stay are [. . .]: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Hilton v. Braunskill, 481 U.S. 770, 776-77 (1987); Acevedo-García v. Vera-Monroig, 296 F.3d 13 (1st Cir. 2002). Nevertheless,

> '[t]he *sine qua non* [of the stay pending appeal standard] is whether the [movants] are likely to succeed on the merits.' Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993). In essence, the issuance of a stay depends on 'whether the harm caused [movant] without the [stay], in light of the [movant's] likelihood of eventual success on the merits, outweighs the harm the [stay] will cause [the non-moving party].' United Steelworkers of America v. Textron, Inc., 836 F.2d 6, 7 (1st Cir. 1987) (internal quotations omitted).

Acevedo-García v. Vera-Monroig, 296 F.3d at 16-17.

For the reasons stated in this Court's Memorandum of Decision, dated September 27, 2012, accompanying the Order and incorporated herein by reference (Docket No. 122 in this case and as In re Puffer, 478 B.R. 101 (Bankr. D. Mass. 2012)), Attorney Berliner has utterly failed to elucidate any "special circumstances" whatsoever that would have justified the filing of a fee-only Chapter 13 plan or, for that matter, the filing of a Chapter 13 case. The existence of such special circumstances has been explained by the First

Circuit Court of Appeals to be necessary in order for a debtor to establish his or her good faith. In re Puffer, 674 F.3d at 83.

In light of Attorney Berliner's inability to show any special circumstances justifying the filing of a fee-only Chapter 13 plan and in light of this Court's finding that Attorney Berliner's recommendation that the Debtor file the instant Chapter 13 case was designed to benefit only him and was not in the Debtor's best interests, the Court finds and rules that Attorney Berliner has failed to demonstrate the existence of the first factor of the four required to obtain a stay pending appeal - whether the stay applicant has made a strong showing that he is likely to succeed on the merits.  Accordingly, the Court need not address the existence of any of the other three factors.  The Stay Motion is DENIED.

DATED: October 25, 2012            By the Court,

_____
Henry J. Boroff
United States Bankruptcy Judge